OPINION OF THE COURT
Harold J. Hughes, J.
The motion of the plaintiff for an order pursuant to CPLR *735 3211 (b) dismissing the first affirmative defense of release set forth in the answer is granted.
This is a wrongful death action. Plaintiffs decedent was an airplane mechanic employed by the defendant, the operator of an interstate airline. On January 3, 1992, Mr. Harrell was traveling as a passenger on board one of the defendant’s flights, which crashed, killing Mr. Harrell. This action ensued. The first affirmative defense in the answer states that Mr. Harrell was traveling on an employee pass which contained the following language: "The user expressly assumes all risks of accidents, and personal injury and/or death and loss or, damage to, or delay in the delivery of property, regardless of their causes, and absolves the company from all liability therefore”.
The plaintiff seeks to dismiss the defense, contending that under New York case law the release is invalid because it does not contain specific language stating that the defendant will not be liable for injuries or death caused by its own negligence (Gross v Sweet, 49 NY2d 102). The defendant does not argue that the release would be valid under New York law, but instead argues that Federal law has preempted the field, and under that law the release is valid.
Until 1978, the interstate airline industry was heavily regulated by the Federal Government (for a history of airline regulation, see Morales v Trans World Airlines, 504 US —, 112 S Ct 2031). At that time, Congress enacted the Airline Deregulation Act of 1978 (ADA) to encourage a better air transportation system through competitive market forces. To make sure that the States did not impose regulations in place of the recently removed Federal regulations Congress enacted a provision preempting any State law relating to "rates, routes, or services of any air carrier having authority under title IV of this Act * * * to provide air transportation” (49 USC, Appendix § 1305 [a] [1]). Congress also retained the savings clause (49 USC, Appendix § 1506) which provides: "Nothing contained in this Act shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this Act are in addition to such remedies”.
The issue presented is whether an airline’s attempt to absolve itself of its own negligence is a matter "relating to rates, routes, or services”. There is recent case law to support the defendant’s argument that Federal law applies to the *736 validity of passes issued by airlines (Morris v Northwest Airlines, 737 F Supp 422 [ED Mich 1989]). However, the better reasoned cases have held that ADA does not preempt State common law as to the rules governing the recovery for wrongful death or personal injury caused by an airline’s negligence (Public Health Trust v Lake Aircraft, 992 F2d 291 [11th Cir 1993]). That is because, "preemption under section 1305 was not intended to be an insurance policy for air carriers against their own negligence” (Margolis v United Airlines, 811 F Supp 318, 324 [ED Mich 1993]). This court holds that 49 USC, Appendix § 1305 (a) (1) only preempts State laws relating to rates, routes, or services, and an airline’s attempt to exonerate itself from its own negligence does not relate to those issues. Consequently, there is no Federal preemption, and under New York State law the release is invalid.